Thank you, Your Honor. Gerald Serlin on behalf of Maureen Mendiondo. We believe the positions that we've articulated in the brief fairly well represent our views. I've just come to reinforce our view that we do believe the Ninth Circuit does have jurisdiction to hear this matter. We believe that the complaint as drafted originally articulated facts, which would have supported Ms. Mendiondo's theories of liability. And finally, we believe that if the 12th v. 6 motion was going to be sustained, it should have been sustained with leave to amend. Do you think it makes a difference whether we apply Rule 8 or Rule 9b regarding the result here? I don't think it would actually make a difference, Your Honor. But I think that's probably the most interesting aspect of this case. I think that Rule 8 does apply. Rule 9b does not apply. And the reasons that we've articulated I believe still stand, and that is this is not a fraud action. This is a wrongful termination action. And we believe that the FCA, while it might have a heightened pleading requirement, that heightened pleading requirement doesn't apply here. If it ended up that it did and say that we felt that you didn't meet that standard in the pleading, is it then your position that you should be allowed to amend with more specificity? Yes, Your Honor. We believe that that would absolutely be true, but we believe that we would have met the specificity requirement in any event. Counsel, after you got this rather perfunctory notice from the district court, did you go back at all and ask for a clarification? I wasn't trial counsel, Your Honor. However, I know that. But when I say you, I mean that your side. My understanding is that no clarification beyond that was sought. Simply a notice of appeal was then filed. Where in the complaint is there sufficient information to allege a retaliation claim? Paragraphs 46 and 47? Yes, Your Honor. We believe that the – in terms of – well, it is expressly stated that – Ms. Mignogna expressly stated that in paragraphs 46 and 47 that she was terminated because of her investigation into facts relating to Tenon and CHMC's submission of false claims and false records to the government. So that's expressly stated, and I can provide you a citation to the record. That's on page – In 47, it says she was terminated for failure adequately to perform her job. That was the supposedly. Well, it also goes on to say that and because of her investigation into facts relating to Tenon and CHMC's submission of false claims and false records to the government on lines 14 to 15 on ER page 14. And that's enough to show retaliation? It's enough to have alleged retaliation, and at least it would have been sufficient to meet the pleading requirements. Again, to the extent that was insufficient, then she should have been granted leave to amend to enhance that statement and to provide further factual information. Thank you. May it please the Court, Susan Azad of Latham & Watkins on behalf of the appellees, Tenon and Sentinel Hospital. And it's apparent from reading the factual allegations that are alleged in the complaint that the crux of this action is really an employee resisting cost-cutting measures, complaining to their employee that those measures would cause her to jeopardize her nursing license, fall below the standard of care, that she felt that her employer was engaged in potential civil or criminal law violations. Not that she was investigating or attempting to recover money for the government fisc, and that's really the key distinction here. That's why this complaint fails under a false claim, claims act retaliation. But this is 12-B-6. It's not summary judgment, so. Right. But the, but if you, for example, the McKenzie case and the Hopper case, in order to state a claim under false claims act retaliation, the employee has to allege that they were investigating facts that could reasonably lead to a viable false claims allocation. Namely. But she informed the CEO, CHMC, Harry Koenig, that her supervisors expected to do things that she wasn't willing to do, that it fell below the standard of care, it put her nursing license in jeopardy, and could be civil or criminal violations. Correct. I mean, she's not like a, you know, she's reporting it to the people that she thinks need to be doing something about it. Correct. But she's not investigating false claims for payment from the Federal Government. She is complaining about things that are akin to the mere grumbling in the Yucidian case, or akin to. Well, we've got, actually, the complaint at that time contained the false claims act claims themselves. It's not difficult to infer, given the involvement of the government in financing health care and making payments to hospitals, not difficult to infer that she's talking about something that costs the government money. And, in fact, in this complaint, alleges exactly that. Now, those may have dropped out subsequently, but can you really say that there's not an effort here to allege something that's cost the government money? I would submit, Your Honor, that it's not clear, given the different relators here, the fact that this is the only relator that continued to pursue this action, given the fact that the first thing this relator did when the complaint was unsealed was dismiss the false claims act allegations, that she had any knowledge of any of those act allegations. Well, to say it's not clear, and I'm not faulting you for the relief that the judge actually gave, but to say it's not clear wouldn't justify a dismissal with prejudice without leave to amend, because ordinarily you'd expect the parties to have an opportunity to amend to make that clear if they're, in fact, trying to state such an allegation. What I would say to that in response, Judge Clifton, is that in this case, the plaintiff's counsel could have sought clarification of the order. This was a complaint. They had they could have, under Rule 15, amended the complaint. But what requires them to do that? I mean, they're sitting here with an appealable judgment. The parties do not contest that. Correct. There's nothing that says you're required to file a motion for reconsideration as such. I mean, there are appellate systems that have that, but we don't. They've got an appealable judgment. They can say this wasn't justified. We should have been given leave to amend. There's nothing in the complaint that shows, and I focused really on the first prong of the three-prong false claims act retaliation claim, which is was she engaged in protected activity. But there are no facts that would suggest, number one, that she engaged in an investigation, that Tennant was or Sentinella was on notice. That's critical. They were on notice. But how can you say they weren't noticed when you go to the CEO, you go to people that are in the line? I mean. But you have to be on notice that the employee is investigating a false or a claim for payment to the Federal Government under false pretenses, not complaining that you're being set up for failure, not complaining that your nursing license might be in jeopardy. So there's, as I said, a fundamental difference in the nature of the allegations such that given the facts pleaded here, there's no indication that she could, even if granted leave to amend, fix this complaint such that she could allege notice, such that she could allege that she was fired for an investigation into. Well, counsel, let me interrupt you for a second. I'm sure you've read paragraphs 46 and 47 as many times as I have. But after talking in 46 about constituting civil and criminal violations, down in 47 she says she was terminated for supposed failures to adequately perform her job. But then one of the reasons she was terminated really was because of her investigation into facts relating to Tennant's and CHMC's submission of false claims and false records to the government. Yes, Your Honor. Which she says right there, does she not? I was terminated because of my investigation into facts? That's a conclusory legal conclusion, Your Honor. It's not a fact that demonstrates that she actually was conducting an investigation. And the Court can disregard conclusory allegations such as that. So I submit, Your Honor, that that is not sufficient to save this complaint. You can disregard them a little more easily at the summary judgment phase than you can at the 12B-6. I mean, they're entitled to all inferences from that. Yeah, that's the problem. I mean, you say it's not clear. Well, that seems to be quintessentially a case where if something is not clear, we grant leave to amend to see if it could be made clear. If it can, good. If it can't, so be it. Your Honor, I submit that given that we raised these issues in the briefing, it would have been relatively simple for the plaintiff to say, I'm aware of this fact that would have shown notice. I'm aware of this fact that would have shown that I was fired because of my investigation into false claims. I was aware of these facts that would reasonably lead to a viable false claims allegation. Instead, the plaintiff has simply said, I stand on my pleadings. I've pleaded enough to state that conclusory allegations are sufficient, and they're not under the law. And so if the plaintiff had had those facts, the plaintiff would have come forward with them. And yet, I believe the fact the plaintiff hasn't speaks volumes as to whether amendment would be futile here. And the plaintiff said, I stand on my pleadings, and that's the end of it. In their papers. Well, didn't they request leave to amend? They requested leave to amend only if the Court found that a more definite statement was required. Well, didn't that affect the point? Lawyers do that all the time. It's belt and suspenders. I win, but if I don't, give me another chance. The way I read it was, if you find that a more definite statement is required, then I seek leave to amend. But we moved more we moved on 12b-6 as well as a more definite statement. Well, let's be serious about that. Would any party actually step up and say, you know, if you decide we survive, but a more definite statement is needed, we want to amend. But if you decide we don't survive, we'd rather lose the case altogether and not give us a chance of remorse. You don't really believe they took that position. And again, I mean, you probably didn't expect the result that came out of the district court. The problem now is it's very difficult to understand a result that says they don't have a chance to replead when the deficiencies really are put forth by you as saying it's not specific enough. It's not sufficient. Well, that doesn't rule out the possibility they can do something. And they have alleged in general terms an allegation which would seem to support the claim. So it's pretty much what he said. I will freely admit that I was surprised by the Court's order. However, having gone back and looked at the, again, the case law and the nature of these allegations, this is very far off from a False Claims Act retaliation case. So, you know, my argument is that would be futile and that the Court, therefore, was, did not, you know, was justified in dismissing without leave to amend. But I hear what you're saying. We appreciate your argument. Thank you, Your Honor. Is the clock showing up there? It's not. It's set at zero, but I've got 20 seconds worth of material just to go through. And that is, if you do look to page, in excerpts of record, page 9, and you see that it says, at least part of the complaint is style, manipulation of procedures and admissions to maximize reimbursement, well, it's clear that the reimbursement would have been coming from the U.S. government. And as far as the question about the willingness of the plaintiffs to amend and have articulated their interest in doing so, all you have to do is look at the docket and you'll see that the second entry of the docket is a first amended complaint which was filed and remains sealed. But the Court never unsealed the matter and never chose to allow the parties to proceed. Well, you know, as a matter of practicality, you knew you were being hauled on the carpet for having failed to specifically allege a retaliation claim. You know, sometimes it might just be a good idea, if you've got in your back pocket a lot of information that will satisfy everybody, you know, you don't have to wait until you get to the Ninth Circuit and then go back on remand if that's what happens to pull it out of your back pocket. You could have done it in the trial court and saved everybody a lot of time. Absolutely right, Your Honor. I wish that had happened in this case. I have no further questions. We appreciate the arguments from both counsel. The case just argued is submitted. Thank you. Thank you. Let's take a couple of minute recess before the next parties come up because the clock doesn't appear to be working. We don't want to catch you by surprise at some point. You're free to depart and the next parties can come up. We'll take a second before starting to see if we can get this working. Now the numbers are showing. Okay. Thank you. It's a miracle. So we'll move to the next case on this morning's calendar, which is Tomasetti v. Estrue.
judges: Trott, Clifton, Callahan